**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-15126 MER |
| SHEILAGH KERRIGAN-RONAN-PREW, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| DAVID C. PREW ) | Adversary No. 11-1381 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHEILAGH KERRIGAN-RONAN-PREW, ) | |
| ) | Signed/Docketed |
| Defendant. ) | December 6, 2012 |

**ORDER**

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss Adversary No. 12-1410 MER, the Plaintiff's Motion to Dismiss Claims in Adversary No. 11-1381 MER, and the Responses thereto.

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it involves the determination of dischargeability of a particular debt.

**BACKGROUND FACTS**

Plaintiff David Prew ("David") and Debtor Sheilagh Kerrigan-Ronan-Prew ("Sheilagh") married on March 23, 2003. On May 11, 2006, Sheilagh filed a petition for dissolution with the Superior Court of California, County of Monterey (the "California Superior Court") Case No. DR 44613 (the "Dissolution Action"). Both this Adversary Proceeding, No. 11-1381 MER (the "2011 Proceeding") and Adversary Proceeding No. 12-1410 MER, associated with Chapter 13 Case No. 12-15879 MER (the "2012 Proceeding") arise from the Dissolution Action.

On May 29, 2009, David filed Case No. M 91221 in the California Superior Court seeking a constructive trust, and award of over $100,000 for purported services performed prior to the parties' marriage and a judgment regarding joint property (the "Contract Action"). That court ruled the subject matter of the

Contract Action should be adjudicated in the California Family Law Court. However, the Family Law Court refused to consolidate the Contract Action with the Dissolution Action.  David continued to assert in the Contract Action that approximately $100,000 of business income and community property was due to him in connection with the dissolution proceedings for the period following the parties' separation.  In February 2009, Sheilagh moved for judgment on the pleadings in the Contract Action, and the California Superior Court granted the motion on March 20, 2009.

According to the representations of David's counsel, Sheilagh was prohibited from testifying in the Dissolution Action due to her failure to testify at a deposition.  In January 2010, the California Superior Court entered judgment in the Dissolution Action in favor of David in the amount of $4,467 on his claim for conversion of community money, $107,401.93 on his claim for conversion of non-community money, plus $7,885.21 to equalize the division of the parties' community assets and debts.  In addition, Sheilagh was ordered to sell certain real property in Pacific Grove, California, to satisfy the debt.  Sheilagh did not sell the property.

On February 9, 2011, David filed a motion seeking to have the real property sold with the clerk of the court designated as agent to execute all documents.  A hearing was scheduled for March 18, 2011, but Sheilagh filed her Chapter 7 bankruptcy proceeding four days prior to the hearing.

David's Complaint in the 2011 Proceeding sought a finding of nondischargeability of Sheilagh's debt, and raised the following claims for relief: 1) nondischargeability of $111,868.93 based on fiduciary defalcation under 11 U.S.C. § 523(a)(4);[1] 2) misappropriation constituting civil theft under COLO. REV. STAT. §18-4-405 and § 523(a)(4); 3) willful and malicious injury under § 523(a)(6); and 4) nondischargeability of a non-domestic support obligation incurred in the course of a divorce under § 523(a)(15).  On February 2, 2012, this Court granted summary judgment in David's favor as to the (a)(15) claim and denied summary judgment as to the § 523(a)(4) claims.[2]

Shortly thereafter, on March 27, 2012, with her Chapter 7 case still pending, Sheilagh filed Chapter 13 Case No. 12-15879 MER in response to David's efforts to collect on the § 523(a)(15) judgment secured previously.  On June 28, 2012, David filed the 2012 Proceeding, containing the following claims for relief:  1) fraud or defalcation while acting as a fiduciary under § 523(a)(4); 2) civil theft under  COLO. REV. STAT. §18-4-405 and  § 523(a)(4); and 3) willful and malicious injury under § 523(a)(6).

---

[1]  Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[2]  David did not seek summary judgment in connection with the § 523(a)(6) claim.

Sheilagh's Motion to Dismiss the 2012 Proceeding points out the 2011 Proceeding remains open, as does Chapter 7 Case No. 11-15126 MER.  Sheilagh notes the Complaint in the 2012 Proceeding alleges the same claims as those in the 2011 Proceeding, but omits the § 523(a)(15) claim.  Sheilagh asserts Paragraph 9 of the renewed Complaint also states the summary judgment granted in the 2011 Proceeding of the claim under § 523(a)(15) was "inclusive of all monies which could be claimed by the plaintiff.  Accordingly, the remainder of the claims were mooted."  Sheilagh therefore seeks dismissal for failure to state a claim because the Complaint in the 2012 Proceeding breaches the common law doctrine of prior suit pending and lacks substantive legal merit.

David's Response states the summary judgment order in the 2011 Proceeding only ruled upon the merits of the § 523(a)(15) claim.  David alleges when the Chapter 13 was filed, he filed the 2012 Proceeding to finally adjudicate the other claims.

## DISCUSSION

The parties in this matter have created a procedural morass.  However, the confusion may be addressed by answering two questions: 1) did the Court's ruling on the motion for summary judgment in the 2011 Proceeding resolve David's claims under §§ 523(a)(4) and 523(a)(6), and 2) if David may continue to pursue the claims, which of the two adversary proceedings is the appropriate action for the adjudication?

With respect to the first question, the Court has reviewed the transcript of the summary judgment hearing, and concludes the Court granted summary judgment in favor of David as to the § 523(a)(15) claim, and denied summary judgment as to the § 523(a)(4) claim as moot.  Specifically, the Court's Order of February 2, 2012, states:

IT IS ORDERED AND ADJUDGED as follows:

ORDERED that the Motion for Summary Judgment on Plaintiff's claim under 11 U.S.C. § 523(a)(15) is GRANTED; and it is

FURTHER ORDERED that the Motion for Summary Judgment on Plaintiff's claim under 11 U.S.C. § 523(a)(4) is DENIED as moot; and it is

FURTHER ORDERED that separate judgment shall enter in favor of Plaintiff David Prew and against Defendant Sheilagh Kerrigan-Ronan-Prew in the amount of $116,417.00 determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(15); and it is

>   FURTHER ORDERED that within ten days from the date of this Order, the Plaintiff shall inform the Court whether the controversy is fully resolved, whether any remaining claims should be dismissed and whether the adversary proceeding may be closed, failing which the Court will close the adversary proceeding without further notice.[3]

Although the parties did not file a report concerning the remaining claims, the 2011 Proceeding was never closed.  On September 19, 2012, presumably to address the dual action problem, David filed a motion to dismiss the remaining claims in the 2011 Proceeding, stating:

>   The debtor now perceives that the adversary complaint has not been resolved, but Mr. Prew disagrees and requests dismissal without prejudice as to the two (a)(4) claims for relief and the (a)(6) claim for relief so that the matter can be adjudicated in the chapter 13 proceeding.  Dismissal without prejudice to the underlying claims for which there is no final judgment is consistent with the relief already granted in this adversary which is greater than the principal damage of the unresolved claims. As the court order states, the claims are MOOT. It also permits Mr. Prew to resolve the causes of action in his new adversary proceeding under the non-dischargeability standards of chapter 13 (in addition to the other non-adversary proceeding standards of chapter 13). There is no net impact to the debtor or Mr. Prew by the dismissal without prejudice.[4]

Sheilagh objected to the motion to dismiss, arguing David is seeking to pursue "moot" claims in the new Chapter 13 case, while retaining the judgment from the first adversary case.  She also contends David may not now reconsider the choices he made at the oral argument on the summary judgment motion when he indicated his claims would be resolved and no further action was necessary.

The problem with Sheilagh's argument is two-fold.  First, in the 2011 Proceeding, the only matter before the Court was a motion for summary judgment filed by David as to his claims under both § 523(a)(4) and § 523(a)(15).  The parties argued the appropriateness of summary judgment as to each of those claims.

---

[3] Adversary No. 11-1381 MER, Docket No. 36, Order dated February 2, 2012.

[4] Adversary No. 11-1381 MER, Docket No. 45, Motion to Dismiss dated September 19, 2012.

Counsel for Sheilagh admitted there were no defenses to the § 523(a)(15) claim.[5]  Therefore, the Court concluded:

> [T]he Court finds it doesn't even need to reach a determination on the (a)(4) matter, and **I'm going to decline to do so.**  And that is because 523(a)(15) is going to dispose of this matter. . . .[6]

Moreover, in order to clarify that the Court's ruling addressed only § 523(a)(15), the Court expressly stated:  "That's (a)(15) only.  **I'm not making a ruling on (a)(4)**, I think (a)(15) takes care of everything."[7]

Therefore, the Court's ruling pertained only to the § 523(a)(15) claim, and the Court specifically declined to make a ruling on the § 523(a)(4) claim.[8]  Sheilagh has now filed a Chapter 13 case in which she may receive a discharge of certain claims, including those under § 523(a)(15) which would have been nondischargeable in a Chapter 7 case.  Thus, since there has not been a ruling on the merits of the § 523(a)(4) nor the (a)(6) claims, they are still properly before the Court in the 2011 Proceeding.[9]

Second, the Court notes despite his admission as to the lack of defenses to the claim under § 523(a)(15), counsel for Sheilagh nonetheless argued strenuously **against** a finding of summary judgment under § 523(a)(4).  In a change of tack, Sheilagh's counsel now relies upon the statements of David's counsel to the effect the remaining claims would be dismissed if summary judgment were awarded on the § 523(a)(15) claim:

> If we get the (a)(15) you can be sure we are going to dismiss.  We're not going to have the Court try the two (a)(4)'s if you decide against on the (a)(4) and the (a)(6) claim, you can be sure about that, there's no point to it.  So we would certainly go ahead and make that representation to the Court now.[10]

---

[5] Transcript of February 2, 2012 hearing, p. 20, lines 19–23.

[6] *Id.* at p. 25, lines 1–4 (emphasis added).

[7] *Id.* at p. 26, lines 24–25 (emphasis added).

[8] As noted above, the § 523(a)(6) claim was not an issue addressed in the Motion for Summary Judgment

[9] The Court notes a discharge has not been entered in either of Sheilagh's cases.

[10] Transcript of February 2, 2012 hearing, p. 21, lines 6–11, statement by Mr. John Berman, counsel for David.

Essentially, Sheilagh is now arguing David and his counsel should have anticipated she would file a Chapter 13 following the entry of summary judgment under § 523(a)(15), and have therefore waived any opportunity to pursue the additional claims. The Court itself never made any determinations as to the merit of the additional claims, but only determined the motion for summary judgment was moot as to the § 524(a)(4) claims. Therefore, the Court will not penalize David's counsel for failing to foresee all future actions Sheilagh might take. Rather, the Court will uphold the Tenth Circuit's policy of determining matters on the merits whenever possible.[11]

The remaining question is what is to be done to facilitate the determination on the merits of David's claims under §§ 523(a)(4) and 523(a)(6). The Court agrees with counsel for Sheilagh two identical adversary cases in two different underlying bankruptcy matters should not be pending at the same time.

## CONCLUSION

FOR THE ABOVE REASONS,

IT IS HEREBY ORDERED that Sheilagh Kerrigan-Ronan Prew's Motion to Dismiss the 2012 Proceeding and David's Motion to Dismiss Adversary No. 11-1381 MER are hereby DENIED.

IT IS FURTHER ORDERED that the Court shall hold Adversary Proceeding No. 12-1410 in abeyance pending the final outcome of Adversary Proceeding No. 11-1381.

The Court will set a scheduling conference to set a trial on the § 523(a)(4) and (6) claims in the 2011 Proceeding by separate notice.

Dated December 6, 2012     BY THE COURT:

_____
Michael E. Romero
United States Bankruptcy Judge

---

[11] See Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992).